1  Evan R. Moses CA Bar No. 198099
   evan.moses@ogletreedeakins.com
2  Christopher W. Decker CA Bar No. 229426
   christopher.decker@ogletreedeakins.com
3  OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
   400 South Hope Street, Suite 1200
4  Los Angeles, CA 90071
   Telephone:  213.239.9800
5  Facsimile:  213.239.9045

6  Patricia A. Matias CA Bar No. 254125
   patricia.matias@ogletreedeakins.com
7  OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
   Park Tower, Suite 1500
8  Los Angeles, CA 90071
   Telephone:  714.800.7900
9  Facsimile:   714.754.1298

10 Attorneys for Defendant 20/20 COMMUNICATIONS,
   INC.

11                 UNITED STATES DISTRICT COURT

12                CENTRAL DISTRICT OF CALIFORNIA

13

14 M'BILI LANGSTON,                          Case No.
15 JUSTICE ANDERSON,
   DEVANTE BOWENS,                           **NOTICE OF REMOVAL OF ACTION**
16 BRANDON BROWER,                           **UNDER 28 U.S.C. §§ 1332, 1367, 1441,**
   ANNIE BURSON,                             **1446 AND 1453**
17 LILLIAN CLARK,
   BOZENA GALICA,                            [CAFA AND DIVERSITY
18 GREGG KOMMEL,                             JURISDICTION]
   DONALD MARTIN,
19 JAKE ONA,                                 [San Bernardino Superior Court Case No.
   ANDRE ORR,                                CIVRS1402095]
20 individually and on behalf of a class of
   similarly situated individuals,           [Filed concurrently with Defendants'
21                                           Civil Cover Sheet, Notice of Related
                                             Cases, Corporate Disclosure Statement,
22            Plaintiffs,                     Certification of Interested Parties, and
                                             Declaration of Chian Burks]
23      vs.
                                             Complaint Filed: April 8, 2014
24 20/20 COMPANIES, INC.,                    Trial Date:      N/A
   20/20 COMMUNICATIONS, INC.,               Judge:           Not yet assigned
25 and DOES 1 to 100,

26

27            Defendants.

28

18320979_2.docx

                                                                          Case No.
   NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1332, 1367, 1441, 1446 AND 1453

**TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA AND TO PLAINTIFFS AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. §§ 1332(d), 1441, and 1453, Defendant 20/20 Communications, Inc. ("Defendant") hereby removes the above-entitled action from the Superior Court of the State of California for the County of San Bernardino to the United States District Court for the Central District of California, under the Class Action Fairness Act ("CAFA"), pursuant to 28 U.S.C. §§ 1332(d), 1446 and 1453, on the grounds that: (1) Plaintiff M'Bili Langston is a "citizen of a State different from" Defendant; (2) "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs;" and (3) "the number of members of all proposed plaintiff classes in the aggregate is" more than 100. Removal jurisdiction is therefore appropriate under CAFA as alleged in detail below.

Removal is also proper pursuant to 28 U.S.C. §§ 1332, 1367, 1441, and 1446 on the grounds that there is complete diversity of citizenship between Plaintiffs, who are citizens of the State of California, and Defendant, a citizen of the State of Delaware and the State of Texas; the amount in controversy exceeds $75,000 as to at least one Plaintiff; the Court has supplemental jurisdiction over any individual Plaintiff for whom the amount in controversy may be under $75,000; and the foregoing facts were true when Plaintiffs filed the Complaint, and remain true now.

## I.

## PROCEDURAL BACKGROUND

1.      On April 8, 2014, Plaintiffs M'Bili Langston, Justice Anderson, Devante Bowens, Brandon Brower, Annie Burson, Lillian Clark, Bozena Galica, Gregg Kommel, Donald Martin, Jake Ona, and Andre Orr (collectively "Plaintiffs") commenced an action against Defendant in the Superior Court of the State of California for the County of San Bernardino, entitled "*M'Bili Langston, Justice Anderson, Devante Bowens, Brandon Brower, Annie Burson, Lillian Clark, Bozena*

18320979_2.docx

1

*Galica, Gregg Kommel, Donald Martin, Jake Ona, and Andre Orr, individually and on behalf of a class of similarly situated individuals, Plaintiff v. 20/20 Companies, Inc., 20/20 Communications, Inc., and Does 1 to 100*," Case No. CIVRS1402095.  A copy of the Complaint is attached as **Exhibit A**.

2.     On May 15, 2014, Plaintiff sent the summons, Complaint, certificate of assignment, notice of case assignment, and notice of trial setting conference to counsel for Defendant, along with a Notice and Acknowledgment of Receipt ("the Acknowledgment").  A true and correct copy of the documents served on counsel for Defendant is attached hereto as **Exhibit B**.

3.     On June 4, 2014, counsel for Defendant signed and served the Acknowledgment on Plaintiff, effecting service of the Complaint on that date.  A true and correct copy of the signed Acknowledgment is attached hereto as **Exhibit C**.  Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is timely, as it was filed within 30 days of service of the Summons and Complaint on Defendant.

4.     The Complaint alleges eight causes of action:  (1) Violation of Labor Code §§ 510 and 1194 (Unpaid Wages); (2) Violation of Labor Code § 221 (Improper Wage Deductions); (3) Violation of Labor Code § 203 (Waiting Time Penalty); (4) Violation of Labor Code § 226 (Wage Statements); (5) Violation of Labor Code § 226.8 (Employee Misclassification); (6) Violation of Labor Code § 2802 (Work Expenditure Reimbursement); (7) Violation of Labor Code § 226.7 (Meal Breaks and Rest Breaks); and (8) Unfair Competition.

5.     On July 3, 2014, Defendant timely filed an answer to Plaintiffs' Complaint.  A copy of the Answer is attached as **Exhibit D**.

## II.

## PLAINTIFFS' COMPLAINT IS SUBJECT TO REMOVAL UNDER CAFA

### A.     The Diversity Of Citizenship Requirement Is Satisfied

6.     The Court has original jurisdiction over this action pursuant to the Class

18320979_2.docx

Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d). As such, this action may be removed to this Court by Defendant pursuant to 28 U.S.C. §§ 1441, 1446 and 1453.

7.   Plaintiffs purport to bring this action on behalf of all "misclassified individuals who worked for Defendants from four years before the date of filing through the date of judgment." (Complaint, ¶ 26). Based on a review of Defendant's business records, 2,524 individuals were independent contractors for Defendant in California from April 8, 2010 to June 4, 2014. (Declaration of Chian Burks ("Burks Decl."), ¶ 4.) Thus, the putative class, as defined by Plaintiff's Complaint, and limited to California, is comprised of 2,524 persons during the relevant statutory period.

8.   The minimal diversity requirement of 28 U.S.C. § 1332(d) is met in this action because the citizenship of at least one putative class member is diverse from the citizenship of at least one defendant. *Id.* at (d)(2)(A). Plaintiff M'Bili Langston, a putative class member, is a citizen of the State of California. (Complaint, ¶ 1.) Defendant is a Delaware corporation having its principal place of business in Texas. (Burks Decl., ¶ 3.) Thus, Defendant is a citizen of the States of Delaware and Texas. 28 U.S.C. § 1332(c); *see also Industrial Tectonics, Inc. v. Aero Alloy*, 912 F.2d 1090, 1093 (9th Cir. 1990) (providing that where a corporation does business in a number of states and does not conduct the substantial predominance of its business in any single one, the state where corporate headquarters is located is the corporation's principal place of business); *Hertz Corp. v. Friend*, 130 S.Ct. 1181 (2010) (in determining the principal place of business of a corporation for purposes of diversity jurisdiction, the "'principal place of business' [as contained in § 1332(c)] is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities."). The citizenship of "Doe" defendants is disregarded for

purposes of removal.  28 U.S.C. § 1441(b)(1).  Therefore, the requisite minimal diversity exists between the parties.

**B.    The Requisite $5 Million Amount In Controversy Is Satisfied**

9.    Based on the allegations in the Complaint, the alleged amount in controversy exceeds, in the aggregate, five million dollars, as demonstrated below. Notably, while Defendant discusses below the allegations in Plaintiffs' Complaint that are the subject of this matter solely to demonstrate that the amount in controversy in this matter exceeds $5,000,000.00, in doing so, Defendant does not admit that Plaintiffs are entitled to these damages or that Plaintiffs will be able to recover on any of their theories.

**1.    Employee Misclassification**

10.    Plaintiffs allege that "Langston and the class members were willfully misclassified as an independent contractor as described in Labor Code section 226.8(i)(4)" and "[b]ased on the willful misclassification, Langston and the class are entitled to a penalty up to $25,000."  (Complaint, ¶¶ 53 and 54).  Labor Code § 226.8(c) imposes a penalty of "not less than ten thousand dollars ($10,000) and not more than twenty-five thousand dollars ($25,000) for each violation" if the employer has engaged in a pattern or practice of willful misclassification.   The applicable statute of limitations is one year.  Code of Civil Proc. § 340(a).

11.    According to Defendant's business records, there were 681 putative class members during the applicable one-year statute of limitations.  (Burks Decl., ¶ 6).  Thus, according to Plaintiffs' allegations that Defendant engaged in a practice of willfully misclassifying the putative class members, putative class members are entitled to recover at least **$6,810,000.00**: **$10,000.00** (minimum penalty[1]) x **681**

18320979_2.docx

---

[1] Calculating the potential exposure based on the maximum penalty of $25,000 sought in the Complaint (¶ 54) would increase the amount in controversy to

Case No.

1  (number of putative class members during one-year statute of limitations) =

2  **$6,810,000.00.**

3  ### 2.   Waiting Time Penalties

4      12.    Plaintiffs allege that "Defendants willfully did not pay Langston and the

5  class members who are no longer employed by Defendants their wages once they

6  stopped working for Defendants." (Complaint, ¶ 44). Plaintiffs further allege that

7  "Langston and the class members are entitled to waiting time penalties not to exceed

8  thirty days for each individual." (*Id.* at ¶ 46). The statute of limitations for penalties

9  under Labor Code §§ 201-203 is three years. *See* Code of Civ. Proc. § 338(a).

10      13.    Based on a review of Defendant's business records, 2,474 putative class

11  members stopped providing services for Defendant from April 8, 2011 to June 4,

12  2014. (Burks Decl., ¶ 7). Accordingly, if the allegations of the Complaint are

13  correct, any putative class member who stopped working for Defendant during the

14  relevant time period is entitled to 30 days' continuation of wages as a penalty under

15  Labor Code section 203. *Quintana v. Claire's Stores, Inc.*, 2013 WL 1736671, *4-6

16  (N.D. Cal. 2013) ("As to the waiting time claims, the court finds that Defendants'

17  calculations" of thirty-days of waiting time penalties for each putative class member

18  terminated during the statute of limitations "are supported by Plaintiffs' allegations

19  and are a reasonable estimate of the potential value of the claims."). California's

20  minimum wage is $8.00 per hour and was $8.00 throughout the relevant time. Cal.

21  Labor Code § 1182.12. Plaintiffs allege that they worked over eight hours a day.

22  (Complaint, ¶¶ 32-34.)

23      14.    Thus, according to Plaintiffs' allegations that former putative class

24  members are entitled to "waiting time" pay under Labor Code §§ 201-203, former

25  putative class members are entitled to recover at least **$4,750,080.00:**   **$8.00**

26

27  **$17,025,000.00: $25,000.00** (maximum penalty) x **681** (number of putative class

28  members during one-year statute of limitations) = **$17,025,000.00.**

18320979_2.docx

NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1332, 1367, 1441, 1446 AND 1453

(California minimum wage rate) x **8** (estimated 8-hour work day[2]) x **30 days** (waiting time penalty) x **2,474** (number of putative class members terminated during three-year period) = **$4,750,080.00**.

### 3.   Unpaid Wages

15.   Plaintiffs allege that "Defendants did not pay Langston and the class ***any wages at all*** in violation of Labor Code section 1194 and Industrial Welfare Commission Wage Order 4." (Complaint, ¶ 31) (emphasis added). Plaintiffs further allege that "Langston and the class are entitled to recover for all unpaid wages including overtime." (*Id.* ¶ at 34).

16.   Based on a review of Defendant's business records, the putative class members provided services on more than 85,800 days in California during the four-year period from April 8, 2010 to June 4, 2014. (Burks Decl., ¶ 5.)

17.   Thus, according to Plaintiffs' allegations, putative class members are entitled to recover at least **$5,491,200.00** based on eight hours of unpaid wages per work day at straight time[3] for all putative class members: **$8.00** (California minimum wage rate) x **8** (estimated 8-hour work day) x **85,800** (number of days worked by putative class members during the four-year period) = **$5,491,200.00**.

### 4.   Unpaid Meal and Rest Period Premiums

18.   Plaintiffs allege that Defendant "did not allow Langston or the class members to take meal breaks or rest breaks, as this was part of Defendants' willful misclassification of Langston and the class." (Complaint, ¶ 65).   Under California law, employees who miss meal and rest periods are entitled to one hour of premium pay for each day that a meal period is missed and one hour of premium pay for each

---

[2] Plaintiffs allege that they worked over eight hours a day. (Complaint, ¶¶ 32-34.)

[3] Plaintiffs allege that Defendant did not pay them "any wages at all" and that they are owed "overtime compensation at one-and-one-half times the regular hourly rate for hours worked over eight hours a day or forty hours a week." (Complaint, ¶¶ 31-34.) Calculating unpaid wages at the overtime rate (in addition to or instead of the straight time rate) would drastically increase the amount in controversy for CAFA removal, thus rendering Defendant's calculations very conservative.

18320979_2.docx

1  day that a rest period is missed, *i.e.*, two hours of premium pay for each day that both

2  a meal and rest period are missed. *See United Parcel Service, Inc. v. Super. Ct.*, 192

3  Cal.App.4th 1425 (2011). Additionally, meal and rest period claims are properly

4  considered in determining the amount in controversy. *See, e.g., Muniz v. Pilot Travel*

5  *Ctr. LLC*, 2007 WL 1302504, *4 (E.D. Cal. 2007); *Helm v. Alderwoods Group, Inc.*,

6  2008 WL 2002511, *8 (N.D. Cal. 2008).

7       19.    Plaintiffs allege that the failure to provide meal and rest periods

8  constitutes unfair competition within the meaning of Business and Professions Code

9  Section 17200. (Complaint, ¶ 69). The statute of limitations for such a claim is four

10  years. Cal. Bus. & Prof. Code § 17208 ("Any action to enforce any cause of action

11  pursuant to this chapter shall be commenced within four years after the cause of

12  action accrued"); *Cortez v. Purolator Air Filtration Products Co.*, 23 Cal.4th 163,

13  178-179 (2000) (the four-year statute of limitations applies to any UCL claim,

14  notwithstanding that the underlying claims have shorter statutes of limitation).

15       20.    Based on a review of Defendant's business records, the putative class

16  members provided services on more than 85,800 days during the four-year statute of

17  limitations. (Burks Decl., ¶ 5). Thus, assuming that employees did not receive one

18  meal <u>or</u> rest break each work day,[4] putative class members are entitled to recover at

19  least **$686,400.00**: **$8.00** (California minimum wage rate) x **1** (one missed meal <u>OR</u>

20  rest period) x 85,800 (number of days worked by putative class members during the

21  applicable four-year period) = **$686,400.00**.

22

23  [4] Plaintiffs' Complaint alleges "Defendants did not allow Langston or the class to

24  take meal breaks or rest breaks, as this was part of Defendants' willful misclassification of Langston and the class." (Complaint, ¶ 65). Plaintiffs seek one additional hour of pay at the employee's regular rate of compensation for each work

25  day that a meal was not provided and one additional hour of pay at the employee's regular rate of compensation for each work day that a rest period was not provided.

26  (Complaint, ¶¶ 63-66, Prayer). While assuming one meal ***and*** one rest period violation per work day is reasonable (*i.e.*, two hours of premium pay per week) based

27  on Plaintiffs' allegations, in an effort to be conservative, Defendant assumed only

28  one meal ***or*** rest period violation per work day (*i.e.*, one hour premium pay.)

18320979_2.docx

5.   **Wage Statements**

21.   Labor Code § 226(a) states that every employer shall furnish his or her employees an accurate itemized wage statement in writing showing nine specific pieces of information.  Plaintiffs allege that "Defendant knowingly and intentionally did not comply with this statute since they did not provide any wage statements at all." (Complaint, ¶ 49).  As a result, Plaintiffs allege that "Langston and the class are entitled to recover the greater of actual damages caused by Defendants' failure to comply with Labor Code section 226(a) or penalties not to exceed $4,000 per employee." (Complaint, ¶ 50).

22.   Labor Code § 226(e) provides for the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurred and one hundred dollars ($100) for each subsequent pay period, up to a maximum of $4,000 for each putative class member.  The applicable statute of limitations is one year. Code of Civil Proc. § 340(a).

23.   According to Defendant's business records, there were 681 putative class members during the applicable one-year statute of limitations.  (Burks Decl., ¶ 6.)  Assuming $4,000 for each of the 681 putative class members during the 1-year statute of limitations, the total exposure under Section 226(e) would be $2,724,000.00.   Although including wage statement violations would increase substantially the amount in controversy, in an effort to be conservative, Defendant will omit wage statements from its estimate.

6.   **Penalties Under Labor Code Section 1197.1**

24.   Plaintiffs allege that putative class members are "entitled to the penalties in Labor Code section 1197.1." (Complaint, ¶ 36.)  Labor Code section 1197.1 states that penalties for payment of less than minimum wage are as follows: "one hundred dollars ($100) for each underpaid employee for each pay period for which the employee was underpaid" for an initial violation and, for "each subsequent violation for the same specific offense, two hundred fifty dollars ($250) for each

18320979_2.docx

underpaid employee for each pay period for which the employee was underpaid." These amounts are allegedly owed separate and apart from, and in addition to, the amounts recoverable for unpaid wages. *Caliber Bodyworks, Inc. v. Superior Court*, 134 Cal.App.4th 365, 378 (2005) ("In sum, an employer is potentially liable for unpaid wages and interest, statutory penalties and civil penalties for many violations of Labor Code wage-and-hour provisions."). Although penalties under Section 1197.1 would increase substantially the amount in controversy, in an effort to be conservative, Defendant will omit Section 1197.1 from its estimate.

### 7.    Civil Penalties For Meal And Rest Period Violations

25.    Plaintiffs also allege that "[i]n addition to premium pay for each missed meal break and each missed rest break, Langston and the class are entitled to PAGA penalties." (Complaint, ¶ 66). These penalties are allegedly owed separate and apart from, and in addition to, the meal and rest period premiums. *Caliber Bodyworks, Inc.*, 134 Cal.App.4th at 378. Under Labor Code § 558, an employer who fails to provide meal periods is liable "[f]or any initial violation, fifty dollars ($50) for each underpaid employee for each pay period for which the employee was underpaid and one hundred dollars ($100) for each aggrieved employee per pay period for each subsequent violation." Under Labor Code § 2699, the civil penalty for failing to provide rest periods is "one hundred dollars ($100) for each aggrieved employee per pay period for the initial violation and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation." Although including these additional civil penalties under PAGA would increase substantially the amount in controversy, in an effort to be conservative, Defendant will omit these additional civil penalties from its estimate. This is without prejudice to Defendant's ability to file any future Notice of Removal on the basis of these PAGA penalties.

### 8.    Attorneys' Fees

26.    Plaintiffs seek attorneys' fees on behalf of the putative class. (Complaint, ¶¶ 34, 50, 56, 62, 66, 72, and Prayer). Attorneys' fees are properly

18320979_2.docx

9

Case No.

1  included in the amount in controversy. *See, e.g., Lowdermilk v. US Bank Nat'l*
2  *Assoc.*, 479 F.3d 994, 1000 (9th Cir. 2007) (holding that statutorily-mandated
3  attorneys' fees are properly included in the amount in controversy for CAFA
4  jurisdiction purposes).

5       27.    In class action litigation, courts routinely grant attorneys' fees awards
6  that range from 25% to 33% of the settlement or verdict amount. *See, e.g., Hanlon v.*
7  *Center for Auto Safety*, 150 F.3d 1011, 1029 (9th Cir. 1998) ("This circuit has
8  established 25% of the common fund as a benchmark award for attorney fees"); *In re*
9  *Activision Securities Litigation*, 723 F.Supp. 1373, 1378 (N.D. Cal. 1989) (awarding
10  30% attorneys' fee award and compiling cases where range of attorneys' fee award
11  ranged between 25% and more than 40%). Accordingly, including attorneys' fees of
12  25% is reasonable when calculating the amount in controversy. *See, e.g., Giannini v.*
13  *Northwestern Mut. Life Ins. Co.*, 2012 WL 1535196, at *4 (N.D. Cal. 2012) (holding
14  that defendant's inclusion of attorneys' fees to satisfy amount in controversy was
15  reasonable where defendant's "base this amount by multiplying by twenty-five
16  percent the sum of the amounts placed in controversy by the four claims" asserted by
17  plaintiff.); *Jasso*, 2012 WL 699465, at *6-7 (holding that "it was not unreasonable
18  for [Defendant] to rely on" an "assumption about the attorneys' fees recovery as a
19  percentage of the total amount in controversy" and noting that "it is well established
20  that the Ninth Circuit 'has established 25% of the common fund as a benchmark
21  award for attorney fees.'")

22       28.    Here, although the amount in controversy is satisfied even without
23  considering attorneys' fees, the fact that Plaintiffs seek the recovery of fees only
24  underscores the fact that the CAFA amount-in-controversy threshold is easily
25  satisfied in this case.

26            **9.**    <u>**Summary of Amount in Controversy**</u>

27       29.    As set forth above, the Complaint easily satisfies the requisite $5
28  million for purposes of removal under CAFA, even without including Plaintiffs'

18320979_2.docx

Case No.

NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1332, 1367, 1441, 1446 AND 1453

claims for unpaid overtime wages (First Cause of Action), penalties pursuant to Labor Code § 1197.1 (First Cause of Action), improper wage deductions under Labor Code § 221 (Second Cause of Action), inaccurate wage statements (Fourth Cause of Action), work expenditure reimbursement under Labor Code § 2802 (Sixth Cause of Action), civil penalties under PAGA for missed meal and rest periods (Seventh Cause of Action), restitution (Eight Cause of Action), and attorneys' fees:

| Damages | Amount |
|---|---|
| Employee Misclassification | $6,810,000.00 |
| Waiting Time Penalty | $4,750,080.00 |
| Unpaid Wages | $5,491,200.00 |
| Meal and Rest Break Premiums | $686,400.00 |
| **Total** | **$17,737,680.00** |

30.    Accordingly, removal of this action under CAFA is proper under 28 U.S.C. §1332(d).

### III.

### COMPLETE DIVERSITY

31.    Removal is also proper pursuant to 28 U.S.C. §§ 1332, 1367, 1441, and 1446. There is complete diversity of citizenship between Plaintiffs, who are citizens of the State of California, and Defendant, a citizen of the State of Delaware and the State of Texas.   The amount in controversy exceeds $75,000 as to at least one Plaintiff and the Court has supplemental jurisdiction over any individual Plaintiff for whom the amount in controversy may be under $75,000.   *See Exxon Mobil v. Allapattah Services, Inc.*, 545 U.S. 546, 564 (2005) ("the threshold requirement of 1367(a) is satisfied in cases, like those now before us, where some, but not all, of the plaintiffs in a diversity action allege a sufficient amount in controversy.")

Case No.

18320979_2.docx

1

### A.    Diversity Of The Parties

2    32.    Each Plaintiff is a citizen of the State of California.  (Complaint, ¶¶ 1-

3    11.)  As explained above, Defendant is a Delaware corporation having its principal

4    place of business in Texas.  (Burks Decl., ¶ 3).  Thus, Defendant is a citizen of the

5    States of Delaware and Texas.  28 U.S.C. § 1332(c).

6

### B.    Amount In Controversy

7    33.    This Court's jurisdictional minimum of an amount in controversy over

8    $75,000 was satisfied at the time of the filing of this action, and still is satisfied, as

9    explained below.    Again, while Defendant discusses below the allegations in

10    Plaintiffs' Complaint that are the subject of this matter solely to demonstrate that the

11    amount in controversy in this matter exceeds $75,000.00, in doing so, Defendant

12    does not admit that Plaintiffs are entitled to these damages or that Plaintiffs will be

13    able to recover on any of their theories.

14

#### 1.    Employee Misclassification

15    34.    As explained above (*see* ¶ 10, *supra*), Plaintiffs M'Bili Langston

16    ("Langston") and Donald Martin ("Martin") allege that they were "willfully

17    misclassified as an independent contractor as described in Labor Code section

18    226.8(i)(4)" and "are entitled to a penalty up to $25,000" based on the willful

19    misclassification.  (Complaint, ¶¶ 53 and 54).  Langston and Martin worked for

20    Defendant within the applicable one-year statute of limitations.  Code of Civil Proc.

21    § 340(a).  (Burks Decl., ¶¶ 8 and 9).  Based on their allegations, they could each

22    recover a **$25,000** penalty.

23

#### 2.    Waiting Time Penalties

24    35.    As explained above (*see* ¶ 12, *supra*), Langston and Martin allege that

25    Defendant willfully did not pay them their final wages and they are each entitled to

26    waiting time penalties not to exceed thirty (30) days.  (Complaint, ¶ 46).  The

27    applicable statute of limitations is three years.  See Cal. Code of Civ. Proc. § 338(a).

28    36.    Langston and Martin stopped working for Defendant during the three-

year statute of limitations. (Burks Decl., ¶¶ 8 and 9). According to their allegations, they are each entitled to recover **$1,920**: **$8.00** (California minimum wage rate) x **8** (estimated eight-hour work day[5]) x **30** days (waiting time penalty) = **$1,920**.

### 3. Unpaid Wages.

37.    As explained above (*see* ¶ 15, *supra*), Langston and Martin allege that Defendant did not pay them "***any wages at all***" and that they are "entitled to recover for all unpaid wages including overtime." (Complaint, ¶¶ 31 and 34) (emphasis added).

(a)    **Plaintiff Langston.**    Based on a review of Defendant's business records, Langston was an independent contractor for Defendant from April 17, 2013 to January 29, 2014 and provided services on at least 181 days in California during this time period. (Burks Decl., ¶ 8). According to Langston's allegations, he is entitled to recover at least **$11,584.00**: **$8.00** (California minimum wage rate) x **8** (estimated eight-hour work day[6]) x **181** (number of work days) = **$11,584.00**.

(b)    **Plaintiff Martin.**    According to Defendant's business records, Martin was an independent contractor for Defendant from June 28, 2012 to March 31, 2014 and worked at least of 439 days in California during this time period. (Burks Decl., ¶ 9). According to Martin's allegations, he is entitled to recover at least **$28,096.00**: **$8.00** (California minimum wage rate) x **8** (estimated eight-hour work day) x **439** (number of work days) = **$28,096.00**.

### 4. Meal and Rest Period Premiums

38.    As explained above (*see* ¶ 18, *supra*), Langston and Martin allege that Defendant did not allow them to take meal or rest breaks. (Complaint ¶ 65).

---

[5] As explained above, Plaintiffs allege that they worked over eight hours a day. (Complaint, ¶¶ 32-34.)

[6] As explained above, Plaintiffs alleged they were not paid "any wages at all" and are owed "overtime compensation at one-and-one-half times the regular hourly rate for hours worked over eight hours a day or forty hours a week." (Complaint, ¶¶ 32-34.) Thus, estimating eight hours of unpaid wages at the straight-time rate for each day worked is a conservative method of calculation.

Case No.

18320979_2.docx

1  Employees who are not provided meal or rest periods are entitled to one hour of
2  premium pay for each day that a meal or rest period is missed, *i.e.*, two hours of
3  premium pay for each day that both a meal and rest period are missed. *See United*
4  *Parcel Service, Inc. v. Super. Ct.*, 192 Cal.App.4th 1425 (2011).

5       **(a)**    **Langston.**   According to Langston's allegations, he is
6  entitled to recover at least **$1,448.00: $8.00** (California minimum wage rate) x **1**
7  **missed meal <u>or</u> rest break premium** x **181** (number of work days) = **$1,448.00.**

8       **(b)**    **Martin.**   According to Martin's allegations, he is entitled to
9  recover at least **$3,512.00: $8.00** (California minimum wage rate) x **1 missed meal**
10  **<u>or</u> rest break premium** x **439** (number of work days) = **$3,512.00.**

11       **5.**   <u>**Attorneys' Fees**</u>

12      39.   As explained above, Langston and Martin allege that they are entitled to
13  recover attorneys' fees. (*See* Complaint, ¶¶ 34, 50, 56, 62, 66, 72, and Prayer).
14  Recent attorneys' fees awards in other employment actions with similar claims show
15  that non-PAGA attorneys' fees awards alone often exceed $75,000. *See, e.g., Lippold*
16  *v. Godiva Chocolatier, Inc.*, 2010 WL 1526441, at *4 (N.D. Cal. 2010) ("a typical
17  individual wage and hour case generates fees in excess of $100,000"); *Good Nite Inn*
18  *Mgmt., Inc. v. Ahmed*, 2011 WL 2565257, at *1-2, 12 (Cal. Ct. App. 1st Dist. June
19  29, 2011) (affirming attorneys' fees of $210,625.75 to single plaintiff for overtime
20  and missed break claims). Although attorneys' fees will likely exceed $75,000,
21  Defendant will conservatively limit fees to $75,000 for each Plaintiff in calculating
22  the amount in controversy. Notably, if one Plaintiff prevailed on his/her individual
23  claims (in the event a class was not certified), that Plaintiff would seek all attorneys'
24  fees incurred in this action, which would far exceed $75,000.

25       **6.**   <u>**Summary of Amount in Controversy**</u>

26      40.   Thus, the jurisdictional minimum of an amount in controversy over
27  $75,000 is satisfied for Plaintiff's Langston and Plaintiff Martin, *even without*
28  including Plaintiffs' claims for unpaid overtime wages (First Cause of Action),

18320979_2.docx

14

Case No.

penalties pursuant to Labor Code § 1197.1 (First Cause of Action), improper wage deductions under Labor Code § 221 (Second Cause of Action), inaccurate wage statements (Fourth Cause of Action), work expenditure reimbursement under Labor Code § 2802 (Sixth Cause of Action), civil penalties under PAGA for missed meal and rest periods (Seventh Cause of Action), and restitution (Eight Cause of Action):

**(a)   Total Amount in Controversy for Langston**

| Damages | Amount |
|---|---|
| Employee Misclassification | $25,000.00 |
| Waiting Time Penalty | $1,920.00 |
| Unpaid Wages | $11,584.00 |
| Meal and Rest Period Premiums | $1,448.00 |
| Attorneys' Fees | $75,000.00 |
| **Total** | **$114,952.00** |

**(b)   Total Amount in Controversy for Martin**

| Damages | Amount |
|---|---|
| Employee Misclassification | $25,000.00 |
| Waiting Time Penalty | $1,920.00 |
| Unpaid Wages | $28,096.00 |
| Meal and Rest Period Premiums | $3,512.00 |
| Attorneys' Fees | $75,000.00 |
| **Total** | **$133,528.00** |

41.   As demonstrated above, the minimum amount in controversy is satisfied as to Plaintiffs Langston and Martin.

**C.   Supplemental Jurisdiction**

42.   In a case involving multiple plaintiffs, so long as the amount in controversy requirement is satisfied as to at least one plaintiff, the court has

18320979_2.docx

NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1332, 1367, 1441, 1446 AND 1453

supplemental jurisdiction over any plaintiffs for whom the amount in controversy is not individually satisfied. *See Exxon Mobil*, 545 U.S. at 564 ("the threshold requirement of 1367(a) is satisfied in cases, like those now before us, where some, but not all, of the plaintiffs in a diversity action allege a sufficient amount in controversy."). Accordingly, so long as the Court determines that there is $75,000 "in controversy" for one Plaintiff, then the Court has supplemental jurisdiction over the claims of all other Plaintiffs regardless of whether they individually satisfy the amount in controversy requirement. Thus, the Court has supplemental jurisdiction over the claims of Plaintiffs Justice Anderson, Devante Bowens, Brandon Bower, Annie Burson, Lillian Clark, Bozena Galica, Gregg Kommel, Jake Ona, and Andre Orr.

## IV.

## COMPLIANCE WITH OTHER REMOVAL REQUIREMENTS

43. As required by 28 U.S.C. § 1446, this Notice of Removal is filed in the district court of the United States in the district in which the action is pending. The state court action was pending in the San Bernardino Superior Court, which is located within the boundaries of this Court. Thus, venue is proper in this Court. 28 U.S.C. § 1441(a).

44. As required by 28 U.S.C. § 1446, Defendant hereby provides this Court with copies of all process, pleadings and orders received by Defendant in this action (attached as Exhibits A-D).

45. As required by 28 U.S.C. § 1446(d), Defendant will promptly give written notice of the filing to Plaintiffs, and file a copy of the Notice with the clerk of the Superior Court of the State of California, County of San Bernardino.

46. As required by Federal Rule of Civil Procedure 7.1 and Local Rule 7.1-1, Defendant concurrently filed its Certification as to Interested Parties.

47. In the event this Court has a question regarding the propriety of this Notice of Removal, Defendant requests that the Court issue an Order to Show Cause,

18320979_2.docx

16

Case No.

1   so that Defendant may have an opportunity to address the Court's question.

2       48.   Accordingly, Defendant removes the above-entitled action to this Court.

3

4   DATED: July 3, 2014          OGLETREE, DEAKINS, NASH, SMOAK &
                                   STEWART, P.C.

5

6

7                           By: /s/ Patricia A. Matias

8                           Evan R. Moses
                          Christopher W. Decker

9                           Patricia A. Matias
                          Attorneys for Defendant 20/20

10                           COMMUNICATIONS, INC.

11

12                                         18320979.2

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No.

NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1332, 1367, 1441, 1446 AND 1453

18320979_2.docx

# Exhibit A

1   Robert Starr, Esq. (183052)
    robert@starrlaw.com
2   Adam M. Rose, Esq. (210880)
    adam@starrlaw.com
3   Law Office of Robert Starr
    23277 Ventura Boulevard
4   Woodland Hills, CA 91364
    Telephone: (818) 225-9040
5   Facsimile: (818) 225-9042

6   Attorneys for Plaintiff
    M'Bili Langston, et al.

7

**FILED**
SUPERIOR COURT
COUNTY OF SAN BERNARDINO
RANCHO CUCAMONGA DISTRICT

APR - 8 2014

BY _____
NADYA AVAKIAN, DEPUTY

8           SUPERIOR COURT OF CALIFORNIA     **BY FAX**

9             COUNTY OF SAN BERNARDINO

10   M'BILI LANGSTON,          Case No.   CIVRS   1 4 0 2 0 9 5
    JUSTICE ANDERSON,
11   DEVANTE BOWENS,         CLASS ACTION
    BRANDON BROWER,
12   ANNIE BURSON,           COMPLAINT
    LILLIAN CLARK,
13   BOZENA GALICA,          1.  Violation of Labor Code §§ 510 and 1194
    GREGG KOMMEL,              (Unpaid Wages)
14   DONALD MARTIN,          2.  Violation of Labor Code § 221 (Improper
    JAKE ONA,                   Wage Deductions)
15   ANDRE ORR,               3.  Violation of Labor Code § 203 (Waiting
    individually and on behalf of a class of similarly     Time Penalty)
16   situated individuals,          4.  Violation of Labor Code § 226 (Wage
                               Statements)
17        Plaintiff,             5.  Violation of Labor Code § 226.8
                               (Employee Misclassification)
18      v.                   6.  Violation of Labor Code § 2802 (Work
                               Expenditure Reimbursement)
19   20/20 COMPANIES, INC..       7.  Violation of Labor Code § 226.7 (Meal
    20/20 COMMUNICATIONS, INC.,      Breaks and Rest Breaks)
20   and DOES 1 to 100,          8.  Unfair Competition

21       Defendants.

22

23

24

25

26

27

28

CLASS ACTION COMPLAINT

## PRELIMINARY ALLEGATIONS

1. Plaintiff M'Bili Langston is a resident of San Bernardino County.

2. Plaintiff Justice Anderson is a resident of San Bernardino County.

3. Plaintiff Devante Bowens is a resident of San Bernardino County.

4. Plaintiff Brandon Brower is a resident of San Bernardino County.

5. Plaintiff Annie Burson is a resident of San Bernardino County.

6. Plaintiff Lillian Clark is a resident of San Bernardino County.

7. Plaintiff Bozena Galica is a resident of San Bernardino County.

8. Plaintiff Gregg Kommel is a resident of San Bernardino County.

9. Plaintiff Donald Martin is a resident of San Bernardino County.

10. Plaintiff Jake Ona is resident of San Bernardino County.

11. Plaintiff Andre Orr is a resident of San Bernardino County.

12. Defendant 20/20 Companies, Inc. is a Texas corporation that is qualified to do business in California.

13. Defendant 20/20 Communications, Inc. is a Texas corporation that is qualified to do business in California.

14. Plaintiff is unaware of the true names or capacities of Doe defendants 1 to 100, but will amend the complaint pursuant to Code of Civil Procedure section 474 once their names and capacities are known.

15. Plaintiff is informed and believes the acts alleged below were performed by, or are attributable to the named and Doe defendants (collectively, "Defendants"), each acting as the other's agent with legal authority to act on the other's behalf.

16. Plaintiff is informed and believes each of the Defendants is in some manner responsible for the acts, omissions, occurrences, and transactions alleged.  Plaintiff is informed and believes that Defendants are the partners, agents, owners, shareholders, managers or employees of the other and acted on each other's behalf.

17. Langston worked as a salesperson for defendants from May 2013 to January 2014.

18. Langston's job responsibilities included acting as a door to door salesperson for

25.     On February 12, 2014, Langston notified the Labor and Workforce Development Agency of his intention to pursue an action against Defendants pursuant to California Labor Code Section 226.8, 510, 1194, 226.7, and 512.  Langston notified the Labor and Workforce Development Agency of his intention to seek PAGA penalties pursuant to Labor Code section 2699.3(a), as well as his intention to file a class action complaint relating to said matters.

## CLASS ACTION ALLEGATIONS

26.     The class consists of the following: "All willfully misclassified individuals who worked for Defendants from four years before the date of filing through the date of judgment."

27.     Plaintiff reserves the right to establish subclasses.

28.     There is a well-defined community of interest and the class is readily ascertainable:

(a)     Numerosity:  The members of the class are so numerous that joinder is unfeasible and impractical.  The membership of the entire class is unknown to Plaintiff at this time, however, the class is estimated to be greater than 100 individuals and the identity of such membership is readily ascertainable by inspection of Defendants' employment records.

(b)     Typicality:  Langston's claims are typical of the class members with whom he has a well-defined community of interest.

(c)     Adequacy:  Langston will fairly and adequately protect the interests of each class member. Langston acknowledges he has an obligation to make known any relationship, conflicts or differences with any class member.  Langston's attorneys are versed in the rules governing class action discovery, certification, and settlement.  Langston has incurred and will continue to incur costs and attorneys' fees to prosecute the action for the benefit of each class member.

(d)     Superiority:  Class action adjudication is superior to other methods.  A class action will achieve economies of time, effort and expense compared with separate lawsuits, and will avoid inconsistent outcomes because the same issues can be adjudicated in the same manner for the entire class.

CLASS ACTION COMPLAINT

(e)   <u>Public Policy Considerations</u>:  Employers violate employment and labor laws every day.  Employees are often afraid to assert their rights out of fear of retaliation, and also are fearful of bringing actions because they believe employers might damage their future endeavors through negative references and/or other means.  Class actions provide the class members who are not named in the complaint with anonymity that allows for vindication of their rights while protecting their privacy.

29.   There are common questions of law and fact as to the class (and subclass, if any) that predominate over questions affecting only individuals, including but not limited to:

(a)   Whether Defendants' willfully misclassified Langston and the class pursuant to Labor Code section 226.8;

(b)   How much compensation, including overtime compensation, Defendants owe to Langston and the class for their work;

(c)   Whether Defendants improperly charged back earned commissions in violation of Labor Code section 221;

(d)   Whether Defendants violated Labor Code section 226 by providing no wage statements to Langston and the class;

(e)   Whether Defendants violated Labor Code section 2802 by not reimbursing Langston and the class for work related expenditures;

(f)   Whether Langston' and the class members should have received wage statements;

(g)   Whether Defendants engaged in unfair competition;

(h)   The amount of damages, restitution of wages, and penalties owed to Langston and the class.

### FIRST CAUSE OF ACTION

Unpaid Wages

(Against All Defendants)

30.   Langston incorporates by reference paragraphs 1 to 29 of the complaint.

Page 4

31. Defendants did not pay Langston and the class any wages at all in violation of Labor Code section 1194 and Industrial Welfare Commission Wage Order 4.

32. Further, Labor Code section 510 codifies the right to overtime compensation at one-and-one-half times the regular hourly rate for hours worked over eight hours a day or forty hours a week, and to overtime compensation at twice the regular hourly rate for hours worked in excess of twelve hours in day or over eight hours a day on the seventh day.

33. Labor Code section 1194 codifies the right to be paid for all hours worked, including overtime hours.

34. Defendants did not pay Langston and the class for any hours worked, including overtime compensation, therefore Langston and the class are entitled to recover for all unpaid wages including overtime, as well as interest, costs, and attorney fees.

35. Langston and the class members are entitled to liquidated damages under Labor Code section 1194.2.

36. Langston and the class are entitled to the penalties in Labor Code section 1197.1.

## SECOND CAUSE OF ACTION

### Improper Wage Deductions

### (Against All Defendants)

37. Langston incorporates by reference paragraphs 1 to 29 of the complaint.

38. Labor Code section 221 provides that it is unlawful for any employer to collect or receive from an employee any part of wages paid by the employer to the employee.

39. A commission chargeback is unlawful when the commission was fully earned at the time of sale and the employee did not agree in writing to the chargeback. (*Harris v. Investor's Business Daily, Inc.* (2006) 138 Cal.App.4th 28, 41; emphasis added.)

40. As explained above, Defendants deducted cancelation fees from Langston and the class members' commissions in violation of Labor Code section 221.

41. Defendants should restore all wrongfully collected chargebacks to Langston and the class members.

CLASS ACTION COMPLAINT

THIRD CAUSE OF ACTION

Waiting Time Penalty

(Against All Defendants)

42.    Langston incorporates by reference paragraphs 1 to 29 of the complaint.

43.    Labor Code sections 201 and 202 provide that an employer must pay all wages that are due when the employee stops working for the employer.

44.    However, Defendants willfully did not pay Langston and the class members who are no longer employed by Defendants their wages once they stopped working for Defendants.

45.    Labor Code section 203 provides that if an employer willfully fails to pay wages owed in accordance with Labor Code sections 201 et seq., then the wages of the employee continue as a penalty from the due date at the same rate until paid or until an action is commenced, not to exceed thirty days.

46.    Based on the above, Langston and the class members are entitled to waiting time penalties not to exceed thirty days for each individual.

FOURTH CAUSE OF ACTION

Inaccurate Wage Statements

(Against All Defendants)

47.    Plaintiff incorporates by reference paragraphs 1 to 29 of the complaint.

48.    Labor Code section 226(a) provides that every employer shall furnish each of his or her employees an accurate itemized wage statement in writing showing nine specific pieces of information.

49.    Defendants knowingly and intentionally did not comply with this statute since they did not provide any wage statements at all.

50.    Therefore Langston and the class are entitled to recover the greater of actual damages caused by Defendants' failure to comply with Labor Code section 226(a), or penalties not to exceed $4,000 per employee, as well as attorney fees and costs.

///

CLASS ACTION COMPLAINT

FIFTH CAUSE OF ACTION

Employee Misclassification

(Against All Defendants)

51.     Langston incorporates by reference paragraphs 1 to 29 of the complaint.

52.     Labor Code section 226.8 provides that it is unlawful for any person or employer to engage in any of the following activities: 1) Willful misclassification of an individual as an independent contractor, 2) charging an individual who has been willfully misclassified as an independent contractor a fee, or making any deduction from compensation, for any purpose, including for goods, materials, space rental, services, government licenses, repairs, equipment maintenance, or fines arising from the individual's employment where any of the above acts would have violated the law if the individual had not been misclassified.

53.     Langston and the class members were willfully misclassified as an independent contractor as described in Labor Code section 226.8(i)(4).

54.     Based on the willful misclassification, Langston and the class are entitled to a penalty up to $25,000.

55.     Pursuant to Labor Code section 2699(f), Langston and the class are entitled to a penalty of $100 for each aggrieved employee for the first pay period, and $200 for each aggrieved employee per pay period for each subsequent violation.

56.     Further, Langston and the class are entitled to attorney fees and costs pursuant to Labor Code section 2699(g).

SIXTH CAUSE OF ACTION

Work Expenditure Reimbursement

(Against All Defendants)

57.     Langston incorporates by reference paragraphs 1 to 29 of the complaint.

58.     Pursuant to Labor Code section 2802, an employer must indemnify its employees for all necessary expenditure or losses incurred by the employee in direct consequence of the

1   discharge of his or her duties.

2      59.   Langston and the class made expenditure including travel for Defendants.

3      60.   The expenditures were incurred in direct consequence of the employees' discharge of

4   their duties.

5      61.   Also, the expenditures were necessary. (*Cassady v. Morgan, Lewis & Bockius* (2006)

6   145 Cal.App.4th 220, 230.)

7      62.   Langston and the class are entitled to attorney fees under Labor Code section

8   2802(c).

9

10                    SEVENTH CAUSE OF ACTION

11                  Meal Break and Rest Break Violation

12                       Against All Defendants

13      63.   Langston incorporates by reference paragraphs 1 to 29 of the complaint.

14      64.   Labor Code section 226.7(c) provides that if an employer does not provide a meal or

15   rest period in accordance with state law, which includes Wage Order 4, the employer shall pay

16   the employee one additional hour of pay at the employee's regular rate for each workday that the

17   meal or rest period is not provided.

18      65.   Defendants did not allow Langston or the class members to take meal breaks or rest

19   breaks, as this was part of Defendants' willful misclassification of Langston and the class.

20      66.   In addition to premium pay for each missed meal break and each missed rest break,

21   Langston and the class are entitled to PAGA penalties and attorney fees under Labor Code

22   section 2699.

23

24                     EIGHTH CAUSE OF ACTION

25                         Unfair Competition

26                       Against All Defendants

27      67.   Langston incorporates by reference paragraphs 1 to 29 of the complaint.

28   ///

CLASS ACTION COMPLAINT

68.     Pursuant to Business and Professions Code section 17200, unfair competition includes unlawful, unfair, or fraudulent business acts or practices.

69.     Defendants' practices outlined in the above causes of action constituted unfair competition.  Defendants did not pay Langston any wages at all, and then unlawfully deducted chargebacks from earned commissions.

70.     Langston has standing pursuant to Business and Professions Code section 17204 because he suffered injury in fact and lost money as a result of the unfair competition.

71.     Pursuant to Business and Professions Code section 17203, Langston and the class members are entitled to restitution of all wrongfully withheld wages, including commissions, from four years prior to the filing of this complaint.

72.     Langston is entitled to attorney fees under to Code of Civil Procedure section 1021.5.

**PRAYER**

Class Action

1.  Class certification

2.  Langston is appointed as class representative

3.  Langston's attorneys are appointed as class counsel

First Cause of Action

1.  Payment of unpaid wages including overtime compensation and interest

2.  Attorney fees and costs under Labor Code section 1194

3.  Liquidated damages under Labor Code section 1194.2

4.  Penalties under Labor Code section 1197.1

5.  Other relief the court deems proper

///

///

///

///

CLASS ACTION COMPLAINT

Second Cause of Action

    1.  Refund of all commissions taken from Langston and the class as chargebacks

    2.  Prejudgment interest

    3.  Other relief the court deems proper

Third Cause of Action

    1.  Waiting time penalties for Langston and the class

    2.  Other relief the court deems proper

Fourth Cause of Action

    1.  Penalties not to exceed $4,000 for Langston and each class member

    2.  Attorney fees and costs

    3.  Other relief the court deems proper

Fifth Cause of Action

    1.  Penalties under Labor Code section 226.8

    2.  Penalties under Labor Code section 2699

    3.  Attorney fees and costs pursuant to Labor Code section 2699

    4.  Other relief the court deems proper

Sixth Cause of Action

    1.  Reimbursement of all work-related expenditures made by Langston and the class

    2.  Attorney fees under Labor Code section 2802

    3.  Other relief the court deems proper

///

///

///

///

CLASS ACTION COMPLAINT

Seventh Cause of Action

   1.  Premium pay for each missed meal break and each missed rest break

   2.  Penalties under Labor Code section 2699

   3.  Attorney fees and costs under Labor Code section 2699

   4.  Other relief the court deems proper

Eighth Cause of Action

   1.  Restitution of all wrongfully withheld wages and deductions from commissions as chargebacks under Business and Professions Code section 17203

   2.  Attorney fees under Code of Civil Procedure section 1021.5

   3.  Other relief the court deems proper

Dated:  April 7, 2014                   LAW OFFICE OF ROBERT STARR

                                         _____
                                         Adam Rose
                                         Attorney for Plaintiffs
                                         M'Bili Langston, et al.

CLASS ACTION COMPLAINT

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO**

CIVRS 1 4 0 2 0 9 5

M'Bili Langston

Case No. _____

vs.

**CERTIFICATE OF ASSIGNMENT**

20/20 Communications, Inc.

# BY FAX

A civil action or proceeding presented for filing must be accompanied by this certificate. If the ground is the residence of a party, name and residence shall be stated.

The undersigned declares that the above-entitled matter is filed for proceedings in the ___Rancho Cucamonga___
District of the Superior Court under Rule 404 of this court for the checked reason:

[X] General ☐ Collection

| | | **Nature of Action** | **Ground** |
|---|---|---|---|
| ☐ | 1 | Adoption | Petitioner resides within the district. |
| ☐ | 2 | Conservator | Petitioner or conservatee resides within the district. |
| ☐ | 3 | Contract | Performance in the district is expressly provided for. |
| ☐ | 4 | Equity | The cause of action arose within the district. |
| ☐ | 5 | Eminent Domain | The property is located within the district. |
| ☐ | 6 | Family Law | Plaintiff, defendant, petitioner or respondent resides within the district. |
| ☐ | 7 | Guardianship | Petitioner or ward resides within the district or has property within the district. |
| ☐ | 8 | Harassment | Plaintiff, defendant, petitioner or respondent resides within the district. |
| ☐ | 9 | Mandate | The defendant functions wholly within the district. |
| ☐ | 10 | Name Change | The petitioner resides within the district. |
| ☐ | 11 | Personal Injury | The injury occurred within the district. |
| ☐ | 12 | Personal Property | The property is located within the district. |
| ☐ | 13 | Probate | Decedent resided or resides within the district or had property within the district. |
| ☐ | 14 | Prohibition | The defendant functions wholly within the district. |
| ☐ | 15 | Review | The defendant functions wholly within the district. |
| ☐ | 16 | Title to Real Property | The property is located within the district. |
| ☐ | 17 | Transferred Action | The lower court is located within the district. |
| ☐ | 18 | Unlawful Detainer | The property is located within the district. |
| ☐ | 19 | Domestic Violence | The petitioner, defendant, plaintiff or respondent resides within the district. |
| [X] | 20 | Other   Employment | Plaintiffs worked within the district. |
| ☐ | 21 | THIS FILING WOULD NORMALLY FALL WITHIN JURISDICTION OF SUPERIOR COURT. | |

The address of the accident, performance, party, detention, place of business, or other factor which qualifies this case for filing in the above-designated district is:

20/20 Communications                                    10565 Civic Center Dr.
_____          _____
(NAME - INDICATE TITLE OR OTHER QUALIFYING FACTOR)                    ADDRESS

Rancho Cucamonga                        CA                        91730
_____          _____          _____
(CITY)                          (STATE)                    (ZIP CODE)

I declare, under penalty of perjury, that the foregoing is true and correct and that this declaration was executed on

April 3, 2014 _____ at  Los Angeles _____, California

_____
Signature of Attorney/Party

13-16503-369 Rev. 10/94

SB-16503

# Exhibit B

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Adam Rose (210880)<br>Law Office of Robert Starr<br>23277 Ventura Blvd.<br>Woodland Hills, CA 91364<br>TELEPHONE NO.: (818) 225-9040   FAX NO. *(Optional)*: (818) 225-9042<br>E-MAIL ADDRESS *(Optional)*: starrlawadam@yahoo.com<br>ATTORNEY FOR *(Name)*: Plaintiff M'Bili Langston, et al. | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Bernardino
STREET ADDRESS: 247 W. Third St.
MAILING ADDRESS:
CITY AND ZIP CODE: San Bernardino 92415
BRANCH NAME: San Bernardino

PLAINTIFF/PETITIONER: M'Bili Langston

DEFENDANT/RESPONDENT: 20/20 Communications

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER:<br>CIVRS1402095 |
|---|---|

TO *(insert name of party being served)*: 20/20 Communications, Inc.

**NOTICE**

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: May 15, 2014

Adam Rose
_____
                (TYPE OR PRINT NAME)

▶ *(signature)*
(SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

**ACKNOWLEDGMENT OF RECEIPT**

This acknowledges receipt of *(to be completed by sender before mailing)*:

1. [✓] A copy of the summons and of the complaint.
2. [✓] Other *(specify)*:
   Certificate of assignment, notice of case assignment, notice of trial setting conference

*(To be completed by recipient)*:

Date this form is signed:

_____
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,
ON WHOSE BEHALF THIS FORM IS SIGNED)

▶
_____
(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Page 1 of 1

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

NOTICE TO DEFENDANT:
(AVISO AL DEMANDADO):

20/20 Companies, Inc., 20/20 Communications, Inc. and Does 1 to 100

YOU ARE BEING SUED BY PLAINTIFF:
(LO ESTÁ DEMANDANDO EL DEMANDANTE):

M'Bili Langston, Additional Parties Attachment is attached

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

F I L E D
SUPERIOR COURT
COUNTY OF SAN BERNARDINO
RANCHO CUCAMONGA DISTRICT

APR - 8 2014

BY_____
NADYA AVAKIAN, DEPUTY

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

CASE NUMBER:
(Número del Caso): CIVRS  1 4 0 2 0 9 5

The name and address of the court is:
(El nombre y dirección de la corte es): Rancho Cucamonga Superior Court

8303 N. Haven Ave.
Rancho Cucamonga, CA 91730

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):

Law Office of Robert Starr, 23277 Ventura Blvd., Woodland Hills, CA 91364, (818) 225-9040

DATE: APR 0 8 2014          Clerk, by _____Nadya Avakian_____ , Deputy
(Fecha)                     (Secretario)                              (Adjunto)

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).

NOTICE TO THE PERSON SERVED: You are served
[SEAL]
1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of (specify):

3. [ ] on behalf of (specify):

under: [ ] CCP 416.10 (corporation)          [ ] CCP 416.60 (minor)
       [ ] CCP 416.20 (defunct corporation)  [ ] CCP 416.70 (conservatee)
       [ ] CCP 416.40 (association or partnership) [ ] CCP 416.90 (authorized person)
       [ ] other (specify):
4. [ ] by personal delivery on (date):

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

SUMMONS

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

**SUM-200(A)**

| SHORT TITLE:<br>Langston v. 20/20 | CASE NUMBER: |
|---|---|

## INSTRUCTIONS FOR USE

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.
→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

List additional parties *(Check only one box. Use a separate page for each type of party.)*:

☑ Plaintiff   ☐ Defendant   ☐ Cross-Complainant   ☐ Cross-Defendant

Justice Anderson, Devante Bowens, Brandon Brower, Annie Burson, Lillian Clark, Bozena Galica, Gregg Kommel, Donald Martin, Jake Ona, Andre Orr, individually and on behalf of a class of similarly situated individuals

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO    CIVRS 1402095

M'Bili Langston

Case No.

vs.

CERTIFICATE OF ASSIGNMENT

20/20 Communications, Inc.

A civil action or proceeding presented for filing must be accompanied by this certificate. If the ground is the residence of a party, name and residence shall be stated.

The undersigned declares that the above-entitled matter is filed for proceedings in the    Rancho Cucamonga
District of the Superior Court under Rule 404 of this court for the checked reason:

[X] General          [ ] Collection

| Nature of Action | Ground |
|---|---|
| [ ] 1  Adoption | Petitioner resides within the district. |
| [ ] 2  Conservator | Petitioner or conservatee resides within the district. |
| [ ] 3  Contract | Performance in the district is expressly provided for. |
| [ ] 4  Equity | The cause of action arose within the district. |
| [ ] 5  Eminent Domain | The property is located within the district. |
| [ ] 6  Family Law | Plaintiff, defendant, petitioner or respondent resides within the district. |
| [ ] 7  Guardianship | Petitioner or ward resides within the district or has property within the district. |
| [ ] 8  Harassment | Plaintiff, defendant, petitioner or respondent resides within the district. |
| [ ] 9  Mandate | The defendant functions wholly within the district. |
| [ ] 10  Name Change | The petitioner resides within the district. |
| [ ] 11  Personal Injury | The injury occurred within the district. |
| [ ] 12  Personal Property | The property is located within the district. |
| [ ] 13  Probate | Decedent resided or resides within the district or had property within the district. |
| [ ] 14  Prohibition | The defendant functions wholly within the district. |
| [ ] 15  Review | The defendant functions wholly within the district. |
| [ ] 16  Title to Real Property | The property is located within the district. |
| [ ] 17  Transferred Action | The lower court is located within the district. |
| [ ] 18  Unlawful Detainer | The property is located within the district. |
| [ ] 19  Domestic Violence | The petitioner, defendant, plaintiff or respondent resides within the district. |
| [X] 20  Other   Employment | Plaintiffs worked within the district. |
| [ ] 21  THIS FILING WOULD NORMALLY FALL WITHIN JURISDICTION OF SUPERIOR COURT. | |

The address of the accident, performance, party, detention, place of business, or other factor which qualifies this case for filing in the above-designated district is:

20/20 Communications                                         10565 Civic Center Dr.
_____          _____
(NAME - INDICATE TITLE OR OTHER QUALIFYING FACTOR)                    ADDRESS

Rancho Cucamonga                          CA                        91730
_____          _____          _____
(CITY)                              (STATE)                    (ZIP CODE)

I declare, under penalty of perjury, that the foregoing is true and correct and that this declaration was executed on

April 3, 2014                          at    Los Angeles                        , California

                                             _____
                                                Signature of Attorney/Party

13-16503-360 Rev. 10/94                                                         SB-16503

1   Robert Starr, Esq. (183052)
    robert@starrlaw.com
2   Adam M. Rose, Esq. (210880)
    adam@starrlaw.com
3   Law Office of Robert Starr
    23277 Ventura Boulevard
4   Woodland Hills, CA 91364
    Telephone:  (818) 225-9040
5   Facsimile:  (818) 225-9042

6   Attorneys for Plaintiff
    M'Bili Langston, et al.

7

8

9

F I L E D
SUPERIOR COURT
COUNTY OF SAN BERNARDINO
RANCHO CUCAMONGA DISTRICT

APR - 8 2014

BY _____
NADYA AVAKIAN, DEPUTY

SUPERIOR COURT OF CALIFORNIA

COUNTY OF SAN BERNARDINO

10  M'BILI LANGSTON,
    JUSTICE ANDERSON,
11  DEVANTE BOWENS,
    BRANDON BROWER,
12  ANNIE BURSON,
    LILLIAN CLARK,
13  BOZENA GALICA,
    GREGG KOMMEL,
14  DONALD MARTIN,
    JAKE ONA,
15  ANDRE ORR,
    individually and on behalf of a class of similarly
16  situated individuals,

17              Plaintiff,

18       v.

19  20/20 COMPANIES, INC.,
    20/20 COMMUNICATIONS, INC.,
20  and DOES 1 to 100,

21              Defendants.

22

23

24

25

26

27

28

Case No.  CIVDS   1 4 0 2 0 9 5
CLASS ACTION

COMPLAINT

1.   Violation of Labor Code §§ 510 and 1194
     (Unpaid Wages)
2.   Violation of Labor Code § 221 (Improper
     Wage Deductions)
3.   Violation of Labor Code § 203 (Waiting
     Time Penalty)
4.   Violation of Labor Code § 226 (Wage
     Statements)
5.   Violation of Labor Code § 226.8
     (Employee Misclassification)
6.   Violation of Labor Code § 2802 (Work
     Expenditure Reimbursement)
7.   Violation of Labor Code § 226.7 (Meal
     Breaks and Rest Breaks)
8.   Unfair Competition

CLASS ACTION COMPLAINT

<u>PRELIMINARY ALLEGATIONS</u>

1.    Plaintiff M'Bili Langston is a resident of San Bernardino County.

2.    Plaintiff Justice Anderson is a resident of San Bernardino County.

3.    Plaintiff Devante Bowens is a resident of San Bernardino County.

4.    Plaintiff Brandon Brower is a resident of San Bernardino County.

5.    Plaintiff Annie Burson is a resident of San Bernardino County.

6.    Plaintiff Lillian Clark is a resident of San Bernardino County.

7.    Plaintiff Bozena Galica is a resident of San Bernardino County.

8.    Plaintiff Gregg Kommel is a resident of San Bernardino County.

9.    Plaintiff Donald Martin is a resident of San Bernardino County.

10.    Plaintiff Jake Ona is resident of San Bernardino County,

11.    Plaintiff Andre Orr is a resident of San Bernardino County.

12.    Defendant 20/20 Companies, Inc. is a Texas corporation that is qualified to do business in California.

13.    Defendant 20/20 Communications, Inc. is a Texas corporation that is qualified to do business in California.

14.    Plaintiff is unaware of the true names or capacities of Doe defendants 1 to 100, but will amend the complaint pursuant to Code of Civil Procedure section 474 once their names and capacities are known.

15.    Plaintiff is informed and believes the acts alleged below were performed by, or are attributable to the named and Doe defendants (collectively, "Defendants"), each acting as the other's agent with legal authority to act on the other's behalf.

16.    Plaintiff is informed and believes each of the Defendants is in some manner responsible for the acts, omissions, occurrences, and transactions alleged.  Plaintiff is informed and believes that Defendants are the partners, agents, owners, shareholders, managers or employees of the other and acted on each other's behalf.

17.    Langston worked as a salesperson for defendants from May 2013 to January 2014.

18.    Langston's job responsibilities included acting as a door to door salesperson for

Page 1

CLASS ACTION COMPLAINT

1  Defendants.

2      19.    In addition to Langston acting as a door to door salesperson for Defendants, Langston

3  participated in sales meetings at Defendants' Rancho Cucamonga office on Mondays,

4  Wednesdays, and Fridays, trained new workers, and participated in mandatory interviews for

5  hiring new people.

6      20.    The only compensation that Langston and the class received from Defendants was

7  commissions on sales.  Langston and the class were not paid an hourly wage, were not provided

8  proper wage statements, and were not fully reimbursed for costs that they incurred while

9  working for Defendants.

10     21.    Langston and the Class were misclassified by Defendants as independent contractors.

11 Defendants did not make any payroll tax contributions towards Langston and the Class, and did

12 not pay into unemployment insurance on behalf of Langston and the Class.  Instead, Defendants

13 wrongfully treated Langston and the Class as independent contractors, did not make any payroll

14 tax deductions or contributions relating to Langston and the Class, and simply provided

15 Langston and the Class with a 1099 following the end of each calendar year.

16     22.    Willful misclassification by an employer to an employee means avoiding employee

17 status for an individual by voluntarily and knowingly misclassifying that individual as an

18 independent contractor, rather than an employee.

19     23.    Defendants knew that by willfully misclassifying Langston and the class, Defendants

20 would avoid numerous costly obligations under the Labor Code, including avoiding payment of

21 the minimum wage, avoiding paying overtime compensation, avoiding reimbursing employees

22 for their out of pocket expenses relating to performing their job duties, avoiding contributions

23 towards payroll taxes, avoiding paying into the unemployment insurance system, avoiding

24 having to maintain an accounting system to deal with said extensive employee financial matters,

25 and avoid numerous other expenses and obligations.

26     24.    Defendants also engaged in improper chargebacks in violation of Labor Code section

27 221. Defendants would unlawfully deduct from Langston and the Class' compensation, any

28 cancellations that occurred relating to products and services sold by Langston and the Class.

CLASS ACTION COMPLAINT

25.    On February 12, 2014, Langston notified the Labor and Workforce Development Agency of his intention to pursue an action against Defendants pursuant to California Labor Code Section 226.8, 510, 1194, 226.7, and 512.  Langston notified the Labor and Workforce Development Agency of his intention to seek PAGA penalties pursuant to Labor Code section 2699.3(a), as well as his intention to file a class action complaint relating to said matters.

## CLASS ACTION ALLEGATIONS

26.    The class consists of the following: "All willfully misclassified individuals who worked for Defendants from four years before the date of filing through the date of judgment."

27.    Plaintiff reserves the right to establish subclasses.

28.    There is a well-defined community of interest and the class is readily ascertainable:

(a)    Numerosity:  The members of the class are so numerous that joinder is unfeasible and impractical.  The membership of the entire class is unknown to Plaintiff at this time, however, the class is estimated to be greater than 100 individuals and the identity of such membership is readily ascertainable by inspection of Defendants' employment records.

(b)    Typicality:  Langston's claims are typical of the class members with whom he has a well-defined community of interest.

(c)    Adequacy:  Langston will fairly and adequately protect the interests of each class member. Langston acknowledges he has an obligation to make known any relationship, conflicts or differences with any class member.  Langston's attorneys are versed in the rules governing class action discovery, certification, and settlement.  Langston has incurred and will continue to incur costs and attorneys' fees to prosecute the action for the benefit of each class member.

(d)    Superiority:  Class action adjudication is superior to other methods.  A class action will achieve economies of time, effort and expense compared with separate lawsuits, and will avoid inconsistent outcomes because the same issues can be adjudicated in the same manner for the entire class.

CLASS ACTION COMPLAINT

(e) **Public Policy Considerations**: Employers violate employment and labor laws every day. Employees are often afraid to assert their rights out of fear of retaliation, and also are fearful of bringing actions because they believe employers might damage their future endeavors through negative references and/or other means. Class actions provide the class members who are not named in the complaint with anonymity that allows for vindication of their rights while protecting their privacy.

29. There are common questions of law and fact as to the class (and subclass, if any) that predominate over questions affecting only individuals, including but not limited to:

(a) Whether Defendants' willfully misclassified Langston and the class pursuant to Labor Code section 226.8;

(b) How much compensation, including overtime compensation, Defendants owe to Langston and the class for their work;

(c) Whether Defendants improperly charged back earned commissions in violation of Labor Code section 221;

(d) Whether Defendants violated Labor Code section 226 by providing no wage statements to Langston and the class;

(e) Whether Defendants violated Labor Code section 2802 by not reimbursing Langston and the class for work related expenditures;

(f) Whether Langston' and the class members should have received wage statements;

(g) Whether Defendants engaged in unfair competition;

(h) The amount of damages, restitution of wages, and penalties owed to Langston and the class.

FIRST CAUSE OF ACTION

Unpaid Wages

(Against All Defendants)

30. Langston incorporates by reference paragraphs 1 to 29 of the complaint.

CLASS ACTION COMPLAINT

31. Defendants did not pay Langston and the class any wages at all in violation of Labor Code section 1194 and Industrial Welfare Commission Wage Order 4.

32. Further, Labor Code section 510 codifies the right to overtime compensation at one-and-one-half times the regular hourly rate for hours worked over eight hours a day or forty hours a week, and to overtime compensation at twice the regular hourly rate for hours worked in excess of twelve hours in day or over eight hours a day on the seventh day.

33. Labor Code section 1194 codifies the right to be paid for all hours worked, including overtime hours.

34. Defendants did not pay Langston and the class for any hours worked, including overtime compensation, therefore Langston and the class are entitled to recover for all unpaid wages including overtime, as well as interest, costs, and attorney fees.

35. Langston and the class members are entitled to liquidated damages under Labor Code section 1194.2.

36. Langston and the class are entitled to the penalties in Labor Code section 1197.1.

### SECOND CAUSE OF ACTION

### Improper Wage Deductions

### (Against All Defendants)

37. Langston incorporates by reference paragraphs 1 to 29 of the complaint.

38. Labor Code section 221 provides that it is unlawful for any employer to collect or receive from an employee any part of wages paid by the employer to the employee.

39. A commission chargeback is unlawful when the commission was fully earned at the time of sale and the employee did not agree in writing to the chargeback. (*Harris v. Investor's Business Daily, Inc.* (2006) 138 Cal.App.4th 28, 41; emphasis added.)

40. As explained above, Defendants deducted cancelation fees from Langston and the class members' commissions in violation of Labor Code section 221.

41. Defendants should restore all wrongfully collected chargebacks to Langston and the class members.

CLASS ACTION COMPLAINT

### THIRD CAUSE OF ACTION

#### Waiting Time Penalty

#### (Against All Defendants)

42.   Langston incorporates by reference paragraphs 1 to 29 of the complaint.

43.   Labor Code sections 201 and 202 provide that an employer must pay all wages that are due when the employee stops working for the employer.

44.   However, Defendants willfully did not pay Langston and the class members who are no longer employed by Defendants their wages once they stopped working for Defendants.

45.   Labor Code section 203 provides that if an employer willfully fails to pay wages owed in accordance with Labor Code sections 201 et seq., then the wages of the employee continue as a penalty from the due date at the same rate until paid or until an action is commenced, not to exceed thirty days.

46.   Based on the above, Langston and the class members are entitled to waiting time penalties not to exceed thirty days for each individual.

### FOURTH CAUSE OF ACTION

#### Inaccurate Wage Statements

#### (Against All Defendants)

47.   Plaintiff incorporates by reference paragraphs 1 to 29 of the complaint.

48.   Labor Code section 226(a) provides that every employer shall furnish each of his or her employees an accurate itemized wage statement in writing showing nine specific pieces of information.

49.   Defendants knowingly and intentionally did not comply with this statute since they did not provide any wage statements at all.

50.   Therefore Langston and the class are entitled to recover the greater of actual damages caused by Defendants' failure to comply with Labor Code section 226(a), or penalties not to exceed $4,000 per employee, as well as attorney fees and costs.

///

CLASS ACTION COMPLAINT

## FIFTH CAUSE OF ACTION

### Employee Misclassification

#### (Against All Defendants)

51.   Langston incorporates by reference paragraphs 1 to 29 of the complaint.

52.   Labor Code section 226.8 provides that it is unlawful for any person or employer to engage in any of the following activities: 1) Willful misclassification of an individual as an independent contractor, 2) charging an individual who has been willfully misclassified as an independent contractor a fee, or making any deduction from compensation, for any purpose, including for goods, materials, space rental, services, government licenses, repairs, equipment maintenance, or fines arising from the individual's employment where any of the above acts would have violated the law if the individual had not been misclassified.

53.   Langston and the class members were willfully misclassified as an independent contractor as described in Labor Code section 226.8(i)(4).

54.   Based on the willful misclassification, Langston and the class are entitled to a penalty up to $25,000.

55.   Pursuant to Labor Code section 2699(f), Langston and the class are entitled to a penalty of $100 for each aggrieved employee for the first pay period, and $200 for each aggrieved employee per pay period for each subsequent violation.

56.   Further, Langston and the class are entitled to attorney fees and costs pursuant to Labor Code section 2699(g).

## SIXTH CAUSE OF ACTION

### Work Expenditure Reimbursement

#### (Against All Defendants)

57.   Langston incorporates by reference paragraphs 1 to 29 of the complaint.

58.   Pursuant to Labor Code section 2802, an employer must indemnify its employees for all necessary expenditure or losses incurred by the employee in direct consequence of the

1  discharge of his or her duties.

2       59.    Langston and the class made expenditure including travel for Defendants.

3       60.    The expenditures were incurred in direct consequence of the employees' discharge of

4  their duties.

5       61.    Also, the expenditures were necessary. (*Cassady v. Morgan, Lewis & Bockius* (2006)

6  145 Cal.App.4th 220, 230.)

7       62.    Langston and the class are entitled to attorney fees under Labor Code section

8  2802(c).

9

10                         SEVENTH CAUSE OF ACTION

11                       Meal Break and Rest Break Violation

12                           Against All Defendants

13      63.    Langston incorporates by reference paragraphs 1 to 29 of the complaint.

14      64.    Labor Code section 226.7(c) provides that if an employer does not provide a meal or

15  rest period in accordance with state law, which includes Wage Order 4, the employer shall pay

16  the employee one additional hour of pay at the employee's regular rate for each workday that the

17  meal or rest period is not provided.

18      65.    Defendants did not allow Langston or the class members to take meal breaks or rest

19  breaks, as this was part of Defendants' willful misclassification of Langston and the class.

20      66.    In addition to premium pay for each missed meal break and each missed rest break,

21  Langston and the class are entitled to PAGA penalties and attorney fees under Labor Code

22  section 2699.

23

24                         EIGHTH CAUSE OF ACTION

25                            Unfair Competition

26                           Against All Defendants

27      67.    Langston incorporates by reference paragraphs 1 to 29 of the complaint.

28  ///

CLASS ACTION COMPLAINT

68.   Pursuant to Business and Professions Code section 17200, unfair competition includes unlawful, unfair, or fraudulent business acts or practices.

69.   Defendants' practices outlined in the above causes of action constituted unfair competition.  Defendants did not pay Langston any wages at all, and then unlawfully deducted chargebacks from earned commissions.

70.   Langston has standing pursuant to Business and Professions Code section 17204 because he suffered injury in fact and lost money as a result of the unfair competition.

71.   Pursuant to Business and Professions Code section 17203, Langston and the class members are entitled to restitution of all wrongfully withheld wages, including commissions, from four years prior to the filing of this complaint.

72.   Langston is entitled to attorney fees under to Code of Civil Procedure section 1021.5.

PRAYER

Class Action

1.  Class certification

2.  Langston is appointed as class representative

3.  Langston's attorneys are appointed as class counsel

First Cause of Action

1.  Payment of unpaid wages including overtime compensation and interest

2.  Attorney fees and costs under Labor Code section 1194

3.  Liquidated damages under Labor Code section 1194.2

4.  Penalties under Labor Code section 1197.1

5.  Other relief the court deems proper

///

///

///

///

CLASS ACTION COMPLAINT

Second Cause of Action

    1.  Refund of all commissions taken from Langston and the class as chargebacks

    2.  Prejudgment interest

    3.  Other relief the court deems proper

Third Cause of Action

    1.  Waiting time penalties for Langston and the class

    2.  Other relief the court deems proper

Fourth Cause of Action

    1.  Penalties not to exceed $4,000 for Langston and each class member

    2.  Attorney fees and costs

    3.  Other relief the court deems proper

Fifth Cause of Action

    1.  Penalties under Labor Code section 226.8

    2.  Penalties under Labor Code section 2699

    3.  Attorney fees and costs pursuant to Labor Code section 2699

    4.  Other relief the court deems proper

Sixth Cause of Action

    1.  Reimbursement of all work-related expenditures made by Langston and the class

    2.  Attorney fees under Labor Code section 2802

    3.  Other relief the court deems proper

///

///

///

///

CLASS ACTION COMPLAINT

Seventh Cause of Action

1. Premium pay for each missed meal break and each missed rest break

2. Penalties under Labor Code section 2699

3. Attorney fees and costs under Labor Code section 2699

4. Other relief the court deems proper

Eighth Cause of Action

1. Restitution of all wrongfully withheld wages and deductions from commissions as chargebacks under Business and Professions Code section 17203

2. Attorney fees under Code of Civil Procedure section 1021.5

3. Other relief the court deems proper

Dated:  April 7, 2014                           LAW OFFICE OF ROBERT STARR


                                                _____
                                                Adam Rose
                                                Attorney for Plaintiffs
                                                M'Bili Langston, et al.

CLASS ACTION COMPLAINT

COUNTY OF SAN BERNARDINO SUPERIOR COURT
Rancho District
8303 N Haven Ave

Rnch Cucamonga, CA. 91730

NOTICE OF CASE ASSIGNMENT FOR ALL PURPOSES - ADDENDUM

CASE NO: CIVRS1402095

Title of Case: LANGSTON, ET AL -V- 20/20 COMPANIES, INC, ET AL

Party Noticed: .

LAW OFFICES OF ROBERT STARR
23277 VENTURA BOULEVARD
WOODLAND HILLS CA 91364

PLEASE TAKE NOTICE: AFTER MAY 12, 2014, THIS CASE WILL BE HEARD AT THE
SAN BERNARDINO JUSTICE CENTER, 247 WEST 3RD STREET, SAN BERNARDINO, CA
92415-0210

The above-entitled case has been assigned for all purposes to the San
Bernardino Justice Center as of May 12, 2014 and will be assigned to
(KEITH D DAVIS) in Department S25J.

Hearing dates set and/or document filings submitted on or PRIOR to
May 09, 2014 will be heard and accepted at the court location at the
top of this notice.

Hearing dates set on or after May 12, 2014 are hereby confirmed for
Department S25J and any document filings submitted on or AFTER
this date must be filed at the new location.

IF YOU HAVE ANY QUESTIONS, PLEASE CONTACT THE COURT WHERE THE MATTER
IS CURRENTLY BEING HEARD. NO FURTHER NOTICE WILL BE SENT.
Any exhibits/subpoenaed records currently filed with the court will be
transferred to the appropriate district.

A COPY OF THIS NOTICE MUST BE SERVED ON ALL DEFENDANTS
TO THE PARTY SERVED: The date(s) indicated on the notice DO NOT
INCREASE  the time you have to respond to the complaint filed against
you as the time for your response is stated on the "SUMMONS".

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO

FILED
SUPERIOR COURT
COUNTY OF SAN BERNARDINO
RANCHO CUCAMONGA DISTRICT

APR -8 2014

BY_____
NADYA AVAKIAN, DEPUTY

Rancho District
8303 N Haven Ave

Rnch Cucamonga, CA. 91730
-------------------------------------------------------------------------
-------------------------------------------------------------------------
CASE NO: CIVRS1402095
LAW OFFICES OF ROBERT STARR
23277 VENTURA BOULEVARD
WOODLAND HILLS CA 91364
                              NOTICE OF TRIAL SETTING CONFERENCE
                                and NOTICE OF CASE ASSIGNMENT

IN RE: LANGSTON, ET AL -V- 20/20 COMPANIES, INC, ET AL

THIS CASE HAS BEEN ASSIGNED TO: KEITH D DAVIS IN DEPARTMENT S25J
FOR ALL PURPOSES.

Notice is hereby given that the above-entitled case has been set for
Trial Setting Conference at the court located at  247 WEST THIRD STREET
SAN BERNARDINO, CA  92415-0210.

        HEARING DATE: 10/01/14 at  8:30 in Dept. S25J


DATE: 04/08/14  Christina M. Volkers, Clerk of the Court
                                        By: NADYA AVAKIAN
-------------------------------------------------------------------------
-------------------------------------------------------------------------
                    CERTIFICATE OF SERVICE

I am a Deputy Clerk of the Superior Court for the County of San
Bernardino at the above listed address. I am not a party to this
action and on the date and place shown below, I served a copy of the
above listed notice:
( ) Enclosed in a sealed envelope mailed to the interested party
addressed above, for collection and mailing this date, following
standard Court practices.
( ) Enclosed in a sealed envelope, first class postage prepaid in the
U.S. mail at the location shown above, mailed to the interested party
and addressed as shown above, or as shown on the attached listing.
( ) A copy of this notice was given to the filing party at the counter
( ) A copy of this notice was placed in the bin located at this office
and identified as the location for the above law firm's collection of
file stamped documents.

Date of Mailing: 04/08/14
I declare under penalty of perjury that the foregoing is true and
correct. Executed on 04/08/14 at Rnch Cucamonga, CA

                        BY: NADYA AVAKIAN

# Exhibit C

POS-015

| | FOR COURT USE ONLY |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>Adam Rose (210880)<br>Law Office of Robert Starr<br>23277 Ventura Blvd.<br>Woodland Hills, CA 91364<br>TELEPHONE NO.: (818) 225-9040          FAX NO. *(Optional):* (818) 225-9042<br>E-MAIL ADDRESS *(Optional):* starrlawadam@yahoo.com<br>ATTORNEY FOR *(Name):* Plaintiff M'Bili Langston, et al. | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Bernardino
STREET ADDRESS: 247 W. Third St.
MAILING ADDRESS:
CITY AND ZIP CODE: San Bernardino 92415
BRANCH NAME: San Bernardino

PLAINTIFF/PETITIONER: M'Bili Langston

DEFENDANT/RESPONDENT: 20/20 Communications

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER:<br>CIVRS1402095 |
|---|---|

TO *(insert name of party being served):* 20/20 Communications, Inc.

**NOTICE**

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: May 15, 2014

Adam Rose
_____
(TYPE OR PRINT NAME)

►  *Adam Rose*
_____
(SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

**ACKNOWLEDGMENT OF RECEIPT**

This acknowledges receipt of *(to be completed by sender before mailing):*
1. ☑ A copy of the summons and of the complaint.
2. ☑ Other *(specify):*
   Certificate of assignment, notice of case assignment, notice of trial setting conference

*(To be completed by recipient):*

Date this form is signed: June 4, 2014

Patricia A. Matias on behalf of 20/20 Communications, Inc.
_____
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,
ON WHOSE BEHALF THIS FORM IS SIGNED)

*Patricia Matias*
_____
(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Associate of Ogletree Deakins,
counsel of record for 20/20 communications,
Inc.

Form Adopted for Mandatory Use
Judicial Council of California
POS-015 [Rev. January 1, 2005]

**NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL**

Code of Civil Procedure,
§§ 415.30, 417.10
www.courtinfo.ca.gov

# Exhibit D

COPY

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

JUL 03 2014

BY_____
TAWNY MARTIN DEL CAMPO, DEPUTY

1 | Evan R. Moses CA Bar No. 198099
evan.moses@ogletreedeakins.com
2 | Christopher W. Decker CA Bar No. 229426
christopher.decker@ogletreedeakins.com
3 | OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
400 South Hope Street, Suite 1200
4 | Los Angeles, CA 90071
Telephone:    213.239.9800
5 | Facsimile:    213.239.9045

6 | Patricia A. Matias CA Bar No. 254125
patricia.matias@ogletreedeakins.com
7 | OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
Park Tower, Suite 1500
8 | Los Angeles, CA 90071
Telephone:    714.800.7900
9 | Facsimile:    714.754.1298

10 | Attorneys for Defendant 20/20 COMMUNICATIONS, INC.

11 |            SUPERIOR COURT OF THE STATE OF CALIFORNIA

12 |                FOR THE COUNTY OF SAN BERNARDINO

13 |

14 | M'BILI LANGSTON,                    | Case No. CIVRS 1402095
15 | JUSTICE ANDERSON,
    | DEVANTE BOWENS,
16 | BRANDON BROWER,                     | DEFENDANT 20/20 COMMUNICATIONS,
    | ANNIE BURSON,                       | INC.'S ANSWER TO PLAINTIFFS' CLASS
17 | LILLIAN CLARK,                      | ACTION COMPLAINT
    | BOZENA GALICA,
18 | GREGG KOMMEL,
    | DONALD MARTIN,                      | Action Filed:  April 8, 2014
19 | JAKE ONA,
    | ANDRE ORR,
20 | individually and on behalf of a class of similarly
    | situated individuals,
21 |
22 |              Plaintiffs,
23 |        vs.
24 | 20/20 COMPANIES, INC.,
    | 20/20 COMMUNICATIONS, INC.,
25 | and DOES 1 to 100,
26 |
    |              Defendants.
27 |
28 |

Defendant 20/20 Communications, Inc. ("Defendant") hereby responds to the unverified Complaint filed by Plaintiffs M'Bili Langston, Justice Anderson, Devante Bowens, Brandon Brower, Annie Burson, Lillian Clark, Bozena Galica, Gregg Kommel, Donald Martin, Jake Ona, and Andre Orr (collectively, "Plaintiffs") as follows:

## GENERAL DENIAL

Pursuant to the provisions of Section 431.30(d) of the California Code of Civil Procedure, Defendant denies generally each and all of the allegations in the Complaint, including, but not limited to, the allegations that Plaintiffs and/or the putative class members whom they purport to represent are entitled to any of the relief requested, that Defendant has engaged in any wrongful or unlawful conduct, and that Defendant's conduct or omissions caused any injury or damage to Plaintiffs or any members of any class that Plaintiffs purport to represent.

## AFFIRMATIVE DEFENSES

Additionally, without admitting that it carries the burden of proof as to any of the issues raised thereby, Defendant asserts the following separate and distinct affirmative defenses to Plaintiffs' Complaint and each purported cause of action therein and prays for judgment as set forth below.  For purposes of these affirmative defenses, the term the "Plaintiffs" incorporates and includes the named Plaintiffs and any and all members of any putative class that the named Plaintiffs purport to represent:

## FIRST AFFIRMATIVE DEFENSE

1.      The Complaint and each purported cause of action alleged therein fail to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

2.      Plaintiffs' claims are barred in whole or in part by the applicable statute(s) of limitations, including but not limited to, California Code of Civil Procedure §§335.1, 337, 338, 339, and 340(a), California Labor Code §203(b), and California Business and Professions Code §17208.

**THIRD AFFIRMATIVE DEFENSE**

3.    The claims of Plaintiffs are subject to arbitration.   Plaintiffs, or some of them, agreed to arbitrate their claims on an individual basis.

**FOURTH AFFIRMATIVE DEFENSE**

4.    Plaintiffs have failed to file the Complaint in this action in the proper venue.

**FIFTH AFFIRMATIVE DEFENSE**

5.    Plaintiffs' claims are barred to the extent that they failed to exhaust any required internal and/or administrative remedies, or pre-filing obligations, including those provided in Section 2699.3 in the California Labor Code.

**SIXTH AFFIRMATIVE DEFENSE**

6.    Plaintiffs' claims are barred because Plaintiffs were properly classified as independent contractors and therefore suffered no damages.

**SEVENTH AFFIRMATIVE DEFENSE**

7.    Plaintiffs' claims for missed meal and rest periods are barred because Defendant provided meal and rest periods to Plaintiffs in the manner permitted by applicable law and did not deny or prevent Plaintiffs the opportunity to take their meal and rest periods, to the extent they were ever entitled to them.

**EIGHTH AFFIRMATIVE DEFENSE**

8.    Plaintiffs' claims for missed meal and rest periods are barred because Plaintiffs waived their statutory right to take such meal and/or rest periods, to the extent they were ever entitled to them.

**NINTH AFFIRMATIVE DEFENSE**

9.    The Complaint fails to state a claim for waiting time penalties under the California Labor Code because some of the members of the purported class did not resign or were not discharged prior to the filing of this action.

**TENTH AFFIRMATIVE DEFENSE**

10.    The Complaint fails to properly state a claim for penalties under Labor Code section 203 *et. seq.* or otherwise because there is a bona fide, good faith dispute with respect to

1   Defendant's obligation to pay any compensation that may be found to be due.

2   **ELEVENTH AFFIRMATIVE DEFENSE**

3        11.    Plaintiffs' claims for waiting time penalties pursuant to Labor Code section 203 *et.*

4   *seq.* are barred because Defendant did not willfully withhold compensation over which there was

5   no good faith dispute and in fact, acted at all times with the good faith belief that Plaintiffs were

6   compensated as required by law.

7   **TWELFTH AFFIRMATIVE DEFENSE**

8        12.    California's overtime, minimum wage, and meal and rest period requirements do

9   not apply to Plaintiffs to the extent that Plaintiffs fall within one or more applicable exemptions

10  and exclusions under California wage and hour law, including, but not limited to, applicable Wage

11  Orders of the Industrial Welfare Commission.

12  **THIRTEENTH AFFIRMATIVE DEFENSE**

13       13.    The Complaint fails to properly state a claim for expense reimbursement under Cal.

14  *Lab. Code* § 2802 because Plaintiffs failed to submit to Defendant any proof or documents showing

15  that any alleged expenditures or losses were necessarily incurred by the Plaintiffs in the discharge

16  of their duties.

17  **FOURTEENTH AFFIRMATIVE DEFENSE**

18       14.    The Complaint fails to properly state a claim for expense reimbursement under Cal.

19  *Lab. Code* § 2802 because any alleged expenditures or losses were not necessary and/or were not

20  the direct consequence of the discharge of the Plaintiffs' duties.

21  **FIFTEENTH AFFIRMATIVE DEFENSE**

22       15.    Plaintiffs' claims for relief based on any violation of California's *Labor Code* and/or

23  wage and hour laws are barred because any such violations were *de minimis*, and ignoring the *de*

24  *minimis* violation of the law, if any, Defendant complied with its obligations under the California

25  *Labor Code* and/or wage and hour law.

26  **SIXTEENTH AFFIRMATIVE DEFENSE**

27       16.    Plaintiffs' claims are barred in whole or in part because they have received all

28  wages, income or salary to which they have ever been entitled.

### SEVENTEENTH AFFIRMATIVE DEFENSE

17.    Plaintiffs failed to take reasonable steps to mitigate their damages, if any. Accordingly, Plaintiffs are barred from recovering any damages, or any recovery of damages must be reduced.

### EIGHTEENTH AFFIRMATIVE DEFENSE

18.    Plaintiffs' claims are barred in whole or in part by the doctrine of laches.

### NINETEENTH AFFIRMATIVE DEFENSE

19.    Plaintiffs' claims are barred in whole or in part by the doctrine of unclean hands.

### TWENTIETH AFFIRMATIVE DEFENSE

20.    Plaintiffs' claims are barred in whole or in part because such claims have been waived, discharged, and/or abandoned.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

21.    Plaintiffs' claims are barred in whole or in part by the doctrine of estoppel.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

22.    Plaintiffs' claims are barred in whole or in part by the principles of accord and satisfaction, and payment.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

23.    Plaintiffs' claims are barred to the extent that they have released any of their purported claims against Defendant.

### THWENTY-FOURTH AFFIRMATIVE DEFENSE

24.    If any damages have been sustained by Plaintiffs, although such is specifically denied, Defendant is entitled under the equitable doctrine of setoff and recoupment to offset all extra payments or overpayments and/or all obligations of Plaintiffs owed to Defendant against any judgment that may be entered against Defendant.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

25.    Plaintiffs' claims are barred, in whole or in part, to the extent that Plaintiffs lack standing to assert those claims.

DEFENDANT 20/20 COMMUNICATIONS, INC.'S ANSWER TO PLAINTIFFS' CLASS ACTION COMPLAINT

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

26.     Plaintiffs' claims are barred because they failed to perform the necessary conditions to give rise to an obligation by Defendant to pay any of the claimed wages.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

27.     Plaintiffs' claims are barred in whole or in part by the doctrine of avoidable consequences to the extent they unreasonably failed to take action to avoid the alleged damages that would have been avoided by such action.

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

28.     The Complaint and each purported cause of action alleged therein are barred, in whole or in part, to the extent Plaintiffs consented to any and/or all of the conduct about which they now complain.

**TWENTY-NINTH AFFIRMATIVE DEFENSE**

29.     Plaintiffs are barred in whole or in part to the extent Defendant's actions were taken with reasonable justification, taken in good faith, not willful or intentional, and/or based on a good faith dispute as to whether any additional wages were owed.

**THIRTIETH AFFIRMATIVE DEFENSE**

30.     Plaintiffs' claims are barred in whole or in part to the extent that multiple penalties or remedies are sought for the same conduct.

**THIRTY-FIRST AFFIRMATIVE DEFENSE**

31.     The putative class or classes alleged in the Complaint are overbroad, ambiguous, conclusory, lacks the required community of interest, and is not precise, objective, or readily ascertainable.

**THIRTY-SECOND AFFIRMATIVE DEFENSE**

32.     Plaintiffs' claims may not be properly maintained or certified as a class and/or collective action because Plaintiffs cannot satisfy the requirements necessary to maintain a class or collective action, including, without limitation, ascertainability, predominance, typicality, adequacy (both of the proposed representatives and proposed class counsel), and superiority.

**THIRTY-THIRD AFFIRMATIVE DEFENSE**

33.    The Complaint fails to allege facts sufficient to allow recovery of attorneys' fees from Defendant.

**THIRTY-FOURTH AFFIRMATIVE DEFENSE**

34.    To the extent that the Court declines to certify a class, then maintenance of Plaintiffs' claims as "representative" actions under the California *Business and Professions Code* (assuming, *arguendo*, that some or all of these claims could be so maintained, which Defendant specifically denies) would violate the Due Process clause of the California and United States Constitutions by authorizing actions to be brought on behalf of a class without requiring class certification of persons allegedly injured by the challenged act or practice.  Moreover, any finding of liability pursuant to the California *Business and Professions Code* would violate the Due Process clause of the United States and California Constitutions because, among other things, the standards of liability under the *Business and Professions Code* are unduly vague and subjective, and permit retroactive, random, arbitrary and capricious punishment that serves no legitimate governmental interest.  Finally, any award of restitution under the California *Business and Professions Code* would violate the Excessive Fines and Due Process clauses of the United States and California Constitutions.

**THIRTY-FIFTH AFFIRMATIVE DEFENSE**

35.    Plaintiffs' claim under the *Business and Professions Code* is barred, in whole or in part, by the damages limitation set forth in California *Business and Professions Code* section 17200.

**THIRTY-SIXTH AFFIRMATIVE DEFENSE**

36.    The imposition of any penalties would violate Defendant's constitutional rights under the provisions of the United States and California Constitutions, including the Due Process clauses of the Fifth and Fourteenth Amendments of the United States Constitution, the Excessive Fines and the Cruel and Unusual Punishment clauses of the Eighth Amendment of the United States Constitution, and the Due Process and Excessive Fines clauses contained in the California Constitution.

DEFENDANT 20/20 COMMUNICATIONS, INC.'S ANSWER TO PLAINTIFFS' CLASS ACTION COMPLAINT

1

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE

2    37.    Plaintiffs' claims for civil penalties are barred because Plaintiffs lack standing to

3    pursue such a claim, either in their individual or representative capacities.

4

### THIRTY-EIGHTH AFFIRMATIVE DEFENSE

5    38.    Plaintiffs are not entitled to recover any award of penalties as alleged in the

6    Complaint, including, without limitation, any alleged penalties under the Private Attorneys General

7    Act, to the extent that such an award would be unjust, arbitrary, oppressive, or confiscatory.

8

### THIRTY-NINTH AFFIRMATIVE DEFENSE

9    39.    Plaintiffs lack standing to bring this Complaint because, pursuant to Section 17200

10   of the *Business & Professions* Code, Plaintiffs did not suffer any injury in fact, and have not lost

11   money or property as a result of alleged unfair competition by Defendant.

12

### RIGHT TO ADD ADDITIONAL AFFIRMATIVE DEFENSES

13   Because the Complaint is couched in broad and conclusory terms, and Defendant has not

14   completed its investigation and discovery regarding the facts and claims asserted by Plaintiffs,

15   Defendant cannot fully anticipate all defenses that may be applicable to this action.  Accordingly

16   the right to assert additional defenses, if and to the extent that such defenses are applicable, is

17   hereby reserved.

18   WHEREFORE, Defendant prays as follows:

19   1.    That the Court deny Plaintiffs' request to certify this action as a class action;

20   2.    That Plaintiffs take nothing by way of the Complaint;

21   3.    That the Complaint be dismissed with prejudice;

22   4.    That the Court enter judgment for Defendant and against Plaintiffs, on all of their

23         alleged causes of action;

24   5.    That the Court award Defendant its costs and attorney fees incurred, including but

25         not limited to costs and attorney fees pursuant to California Labor Code section

26         218.5; and

27   6.    That the Court grant Defendant such other and further relief as the Court deems just

28         and proper.

17874930_1.doc

DEFENDANT 20/20 COMMUNICATIONS, INC.'S ANSWER TO PLAINTIFFS' CLASS ACTION COMPLAINT

1

2    DATED:  July 2, 2014                    OGLETREE, DEAKINS, NASH, SMOAK &
                                            STEWART, P.C.
3

4

5                                           By:
                                               Evan R. Moses
6                                              Christopher W. Decker
                                               Patricia A. Matias
7
                                            Attorneys for Defendant 20/20
8                                           COMMUNICATIONS, INC.

9                                                                    17874950.1

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

17874950_1.doc

DEFENDANT 20/20 COMMUNICATIONS, INC.'S ANSWER TO PLAINTIFFS' CLASS ACTION COMPLAINT

**PROOF OF SERVICE**
*M'Bili Langston v. 20/20 Companies, Inc., et al.*
San Bernardino Superior Court Case No. CIVRS 1402095

I am and was at all times herein mentioned over the age of 18 years and not a party to the action in which this service is made.  At all times herein mentioned I have been employed in the County of Orange in the office of a member of the bar of this court at whose direction the service was made.  My business address is 695 Town Center Drive, Suite 1500, Costa Mesa, CA  92626.

On July 2, 2014, I served the following document(s):

**DEFENDANT 20/20 COMMUNICATIONS, INC.'S ANSWER TO
PLAINTIFFS' CLASS ACTION COMPLAINT**

by placing ☐ (the original) ☒ (a true copy thereof) in a sealed envelope addressed as stated on the attached mailing list.

☐    **BY OVERNIGHT DELIVERY:** I placed the sealed envelope(s) or package(s) designated by the express service carrier for collection and overnight delivery by following the ordinary business practices of Ogletree, Deakins, Nash, Smoak & Stewart P.C., Costa Mesa, California.  I am readily familiar with Ogletree, Deakins, Nash, Smoak & Stewart P.C.'s practice for collecting and processing of correspondence for overnight delivery, said practice being that, in the ordinary course of business, correspondence for overnight delivery is deposited with delivery fees paid or provided for at the carrier's express service offices for next-day delivery.

☒    **BY MAIL:**  I placed the envelope for collection and mailing, following our ordinary business practices.  I am readily familiar with the practice of Ogletree, Deakins, Nash, Smoak & Stewart P.C.'s practice for collecting and processing correspondence for mailing.  On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope.

☐    **BY FACSIMILE** by transmitting a facsimile transmission a copy of said document(s) to the following addressee(s) at the following number(s), in accordance with:

☐    the written confirmation of counsel in this action:

☐    [State Court motion, opposition or reply only] in accordance with Code of Civil Procedure section 1005(b):

☒   (State)    I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☐    (Federal)    I declare that I am employed in the office of a member of the State Bar of this Court at whose direction the service was made.  I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on July 2, 2014, at Costa Mesa, California.

Heather Gribben
_____          _____
Type or Print Name                                           Signature

17874950_1.doc

9

| | |
|---|---|
| 1 | **SERVICE LIST**<br>*M'Bili Langston v. 20/20 Companies, Inc., et al.* |
| 2 | San Bernardino Superior Court Case No. CIVRS 1402095 |
| 3 | |
| 4 | Adam Rose, Esq.<br>Law Office of Robert Starr |
| 5 | 23277 Ventura Blvd.<br>Woodland Hills, CA 91364 |
| 6 | Tel: (818) 225-9040<br>Fax: (818) 2259042 |
| 7 | *Attorneys for Plaintiff* |
| 8 | |

17874950.1

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

17874950_1.doc

DEFENDANT 20/20 COMMUNICATIONS, INC.'S ANSWER TO PLAINTIFFS' CLASS ACTION COMPLAINT